IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES DYLAN COFFMAN,

                      **Plaintiff,**

      v.                                            CASE NO. 18-3294-SAC

(FNU) SHANKLE, et al.,

                        **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff James Dylan Coffman, an inmate at the Saline County Jail in Salina, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

### I. Nature of the Matter before the Court

Plaintiff's Complaint (ECF No. 1) alleges he was sexually harassed and assaulted at the Saline County Jail. Plaintiff states that on the afternoon of November 28, 2018, he had just gotten his hair cut and asked Officer Shankle to open his cell door. Officer Shankle responded, "'You must do something for me." Plaintiff took this as a sexually suggestive comment and replied, "What do you mean, sir?" Officer Shankle allegedly replied that Plaintiff should let "Roberts" cut a representation of male genitalia into his (Plaintiff's) hair. Plaintiff does not include any additional factual allegations.

Plaintiff names as defendants Officer Shankle and the Saline County Jail. He claims violation of his rights under the Eighth Amendment and the Prison Rape Elimination Act (PREA) and seeks compensatory damages of $500,000 for pain and suffering, mental anguish and duress.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's Complaint is subject to dismissal for two primary reasons. First, the conduct of which Plaintiff complains does not reach the magnitude of a constitutional violation as required to state a claim under § 1983. A prisoner alleging a constitutional claim of sexual harassment must allege facts to establish the objective and subjective components of an Eighth Amendment violation. *Joseph v. Fed. Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, at *1 (10th Cir. 2000); *see also, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1310 & n.10, 1312 n.15 (10th Cir. 1998). For the objective component, the plaintiff must allege facts to show that the harassment was objectively, sufficiently serious, causing an "unnecessary and wanton infliction of pain." *Joseph*, 2000 WL 1532783, at *1-2 (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)). As to the subjective component, the plaintiff must allege facts to show that the defendant acted with "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Barney*, 143 F.3d at 1310 (quoting *Farmer*, 511 U.S. at 834); *see also Joseph*, 2000 WL 1532783, at *1-2.

Where, as here, a prisoner alleges a guard made inappropriate or suggestive comments but did not touch him, courts have generally found the harassment was not sufficiently serious to meet the objective component of an Eighth Amendment claim. *See, e.g., Barney*, 143 F.3d at 1310 n.11 (noting that allegation of "severe verbal sexual harassment and intimidation" alone—in the absence of sexual "assault[ ]"—is insufficient to state an Eighth Amendment claim); *Austin v.*

4

*Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, ... the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (internal citation omitted)); *Howard v. Everett,* 208 F.3d 218 (Table), 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished) (sexual harassment consisting of comments and gestures, absent contact or touching, "does not constitute unnecessary and wanton infliction of pain"); *Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir. 1997) (isolated episodes of harassment and touching although "despicable," do not rise to level of Eighth Amendment violation). The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992).

The type of limited, nonphysical conduct alleged by Plaintiff, while inappropriate and unprofessional, is not objectively serious enough to give rise to an Eighth Amendment violation. Plaintiff has failed to state a sexual harassment claim under § 1983 on which relief can be granted, and this claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

The second reason Plaintiff's Complaint is subject to dismissal is because he did not exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citations omitted). This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S.

1118 (2004); *Little*, 607 F.3d at 1249. A prison or jail's regulations define the steps a prisoner must take to properly exhaust administrative remedies, and a prisoner "may only exhaust by following all of the steps laid out" therein. *Little*, 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

Plaintiff indicated in his Complaint that he has not sought administrative relief. (ECF No. 1 at 5.) The Court may dismiss sua sponte a prisoner Complaint when it is clear on the face of the Complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Accordingly, the Court finds that Plaintiff's Complaint is subject to dismissal without prejudice based on his failure to exhaust available administrative remedies before filing this action. *Accord, Otte v. Ash*, No. 18-3255-SAC, 2018 WL 4851607, at *2 (D. Kan. Oct. 5, 2018).

Plaintiff also argues that Defendant Shankle's conduct violated his rights under the PREA. The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); *see also Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010); *Moreno v. Corizon Medical Provider*, No. 16-CV-01063, 2017 WL 3052770, at *2 (D.N.M. June 21, 2017); *Moorman v. Herrington,* No. 4:08CV-P127-M, 2009 WL 2020669, at *2 (W.D. Ky. 2009)(collecting cases); *De'lonta v. Clarke,* No. 7:11–cv–00483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013); *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 13, 2008). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing*

*v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The Court concludes that, as a matter of law, Plaintiff cannot pursue a § 1983 claim based on Defendants' alleged failure to comply with the PREA.

**IV. Response Required**

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 1, 2019**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 1st day of February, 2019, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**