# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES DYLAN COFFMAN,

                **Plaintiff,**

    v.                                                      CASE NO. 18-3294-SAC

(FNU) SHANKLE, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

    This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas. Mr. Coffman alleges he was sexually harassed and assaulted at the Saline County Jail. Plaintiff states that on the afternoon of November 28, 2018, he had just gotten his hair cut and asked Officer Shankle to open his cell door. Officer Shankle responded, "'You must do something for me." Plaintiff took this as a sexually suggestive comment and replied, "What do you mean, sir?" Officer Shankle allegedly replied that Plaintiff should let "Roberts" cut a representation of male genitalia into his (Plaintiff's) hair. Plaintiff does not include any additional factual allegations. Plaintiff seeks compensatory damages of $500,000 for pain and suffering, mental anguish and duress.

    On February 1, 2019, the Court entered a Memorandum and Order to Show Cause (ECF No. 8) ("MOSC") ordering Plaintiff to show cause by March 1, 2019, why this matter should not be dismissed due to the deficiencies set forth. The MOSC stated that if Plaintiff failed within the

time allotted to file a response, this action could be dismissed without further notice. ECF No. 8 at 7. Plaintiff has not responded to the MOSC.

As explained in the MOSC, Mr. Coffman's Complaint is subject to dismissal for several reasons. First, the conduct of which Plaintiff complains does not reach the magnitude of a constitutional violation as required to state a claim under § 1983. The type of limited, nonphysical conduct alleged by Plaintiff, while inappropriate and unprofessional, is not objectively serious enough to give rise to an Eighth Amendment violation. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.11 (10th Cir. 1998).

Second, it is clear from face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to filing this action, as required by 42 U.S.C. § 1997e(a). Accordingly, Plaintiff's Complaint is subject to dismissal without prejudice for failure to exhaust. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

Finally, Plaintiff cannot pursue a § 1983 claim based on Defendants' alleged failure to comply with the PREA. The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); *see also Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010); *Moreno v. Corizon Medical Provider*, No. 16-CV-01063, 2017 WL 3052770, at *2 (D.N.M. June 21, 2017); *Moorman v. Herrington,* No. 4:08CV-P127-M, 2009 WL 2020669, at *2 (W.D. Ky. 2009)(collecting cases); *De'lonta v. Clarke,* No. 7:11–cv–00483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013); *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 13, 2008).

For these reasons, all of Plaintiff's claims are dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 5th day of March, 2019, at Topeka, Kansas.

>   s/_Sam A. Crow_____
>   **SAM A. CROW**
>   **U.S. Senior District Judge**